UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

November 16, 2020

LETTER TO COUNSEL

RE: *Josie R. v. Saul*
Civil No. DLB-19-2324

Dear Counsel:

On August 13, 2019, plaintiff Josie R. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment and plaintiff's response. ECF 14 ("Pl.'s Mot."), ECF 16 ("Def.'s Mot."), ECF 18 ("Pl.'s Resp."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold a decision of the SSA supported by substantial evidence and employing proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). This letter explains my rationale.

Plaintiff filed her claims for benefits on February 11, 2013, alleging an onset date of December 1, 2012. Administrative Transcript ("Tr.") 471-80. The SSA denied her claims initially and on reconsideration. Tr. 307-14. After a hearing before an Administrative Law Judge ("ALJ"), plaintiff appealed the ALJ's unfavorable decision to the Appeals Council, which remanded her case back to the ALJ. Tr. 302-06. The SSA subsequently held two hearings on January 10, 2018, and July 19, 2018. Tr. 53-154, 202-32. Following the hearings, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 8-35. The Appeals Council denied plaintiff's second request for review, so the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-7; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found plaintiff experienced the severe impairments of "lung cancer status-post lobectomy; chronic obstructive pulmonary disease ('COPD'); anterior cruciate ligament tear, degenerative joint disease, and meniscus tear of the right knee; left knee osteoarthritis; obesity; and depression." Tr. 14. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can perform work that occasionally requires balancing, stooping, kneeling, crouching, crawling, and climbing. She can perform jobs that allow occasional exposure to irritants such as fumes, odors, dusts, gases, and poorly ventilated areas, but frequent exposure to extreme cold, extreme heat, and humidity. She can perform jobs consisting of unskilled, routine, and repetitive tasks involving only simple work-related decisions, with only occasional changes in the routine work setting. Time off task during the workday can be accommodated by normal breaks.

Tr. 17. After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff could perform her past relevant work as a cleaner/housekeeper, assembly worker, and nongovernment mail sorter. Tr. 27-28. The ALJ therefore concluded plaintiff was not disabled. Tr. 28.

Plaintiff raises one argument on appeal: The ALJ's decision does not comply with the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Pl.'s Mot. 9-19. Plaintiff's argument lacks merit for the reasons discussed below.

In *Mascio*, the Fourth Circuit determined remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. That functional area "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3). The Social Security regulations define a "moderate limitation" as the "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." *Id.* § 12.00(F)(2). In comparison, a "mild limitation" reflects a slightly limited functional ability, and a "marked limitation" reflects a seriously limited functional ability. *Id.* § 12.00(F)(b), (d).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held absent such an explanation, remand was necessary. *Id.* The Court recently reiterated *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate

*Josie R. v. Saul*
Civil No. DLB-19-2324
November 16, 2020
Page 3

limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).

Here, the ALJ's analysis of plaintiff's ability to maintain concentration, persistence, or pace stated:

> The next functional area addresses the claimant's ability to concentrate, persist, or maintain pace. For this criterion, the claimant has only moderate limitations. The claimant contended that she has limitations in concentrating generally, reading, focusing generally, following instructions, completing tasks, avoiding distractions, and maintaining a regular work schedule. On the other hand, the claimant said that she is also able to drive, prepare meals, watch TV, read, manage funds, use the internet, handle her own medical care, and attend church. Additionally, the record fails to show any mention of distractibility and an inability to complete testing that assesses concentration and attention.

Tr. 16. The ALJ then explained plaintiff could "perform jobs consisting of unskilled, routine, and repetitive tasks involving only simple work-related decisions, with only occasional changes in the routine work setting," and that "[t]ime off task during the workday can be accommodated by normal breaks." Tr. 17. In the RFC assessment, the ALJ discussed plaintiff's subjective allegations and treatment records as well as the objective medical findings and opinions of record. Tr. 17-27. The ALJ also provided an in-depth discussion of each area of mental functioning he previously rated at step three, including the area of concentration, persistence, and pace. Tr. 23-24. Here, the ALJ stated:

> As for the claimant's concentration, persistence, and ability to maintain pace specifically, the record shows that initially she stated that she spends significant amounts of time during the day doing word puzzles. During the initial teleclaim, no difficulties concentrating were noted. She further stated that she spends two hours or more shopping every two weeks and follows written instructions "good"/"fairly well." On examination in early August 2013, it was noted that she could attend questions and spell the word "WORLD" forwards and backwards in the emergency room. Her concentration improved within a week. On examination in October 2013, her concentration was noted to be normal. On examination in December 2013, she was noted to be attentive throughout a group therapy session. A few weeks later, it was noted that she completed an activity to determine which communication style she uses. In January 2014, she reported shopping in stores twice a month for 2-4 hours at a time. She repeatedly denied difficulty concentrating and reported that her thoughts were clear. At the 2015 hearing, she testified she attends church on Sundays and goes to Bible study on a regular basis. At the July 2018 hearing, she admitted that her ability to maintain regular attendance was only mildly impaired "because it's important to get there."

Tr. 23 (internal citations omitted).

Plaintiff contends the ALJ did not explain why he did not impose an RFC limitation to address plaintiff's moderate difficulties in concentration, persistence, and pace and asserts that "the ALJ's findings clearly demonstrate that [she] would have deficits in the ability to remain on task at a sustained pace for an eight-hour workday," Pl's Mot. at 12, 18. I disagree. Plaintiff's argument ignores the ALJ's robust, adequately supported RFC discussion of her ability to concentrate, persist, and maintain pace. *See* Tr. 23 (noting plaintiff's abilities to do word puzzles and go shopping for two or more hours at a time, normal performances on examinations of concentration, and denials of difficulty with concentrating).

Furthermore, the ALJ gave "great weight" to the opinion of State agency examining psychological expert Dr. Tavia Morgan because the opinion was "supported by evidence and [the] explanation and [was] consistent with and not contradicted by the record as a whole." Tr. 27. Dr. Morgan noted plaintiff's difficulties with concentration and persistence and that plaintiff "denied any difficulty in her prior work environment as a result of mood symptoms." Tr. 1634. The ALJ noted, "The claimant herself agreed with Dr. Morgan's assessment . . . that her primary limitations are physical rather than mental." Tr. 27.

Additionally, both State agency psychiatric consultants found plaintiff did not have limitations with sustained concentration or persistence. *See* Tr. 264, 276. The ALJ noted their opinions "[were] supported by evidence and explanation" but gave them only "partial weight" because the regulations governing treatment of mental impairments had been revised since the opinions were issued. Tr. 27. While the revisions to the mental impairment listings were substantial in some respects, the "paragraph B criteria" of "concentration, persistence, or pace" remained mostly unchanged. *Compare* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3) (2017), *with* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(C)(3) (2008). Both consultants opined plaintiff could "persist at tasks within physical tolerances and skill levels for an eight-hour day, with regular breaks and normal levels of supervision." Tr. 264, 276. The consultants included a narrative summary of plaintiff's mental RFC:

> Claimant can understand, retain, and carry out simple instructions. Claimant can consistently and usefully perform routine tasks on a sustained basis, with minimal (normal) supervision, and can cooperate effectively with public and co-workers in completing simple tasks and transactions. Claimant can adjust to the mental demands of most new task settings.

Tr. 264, 276.

Ultimately, the law confines my review to whether the ALJ employed correct legal standards in making factual findings supported by substantial evidence. *Craig*, 76 F.3d at 589. Inherently limited in scope, substantial evidence review asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). The inquiry is therefore not whether I agree with the ALJ's conclusions but whether "more than a mere scintilla" of evidence supports

*Josie R. v. Saul*
Civil No. DLB-19-2324
November 16, 2020
Page 5

them. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). On the record before me, I find the ALJ adequately explained his omission of a concentration, persistence, or pace limitation from plaintiff's RFC. Because the ALJ's decision thus complied with *Mascio*'s mandate, I affirm. *See* 780 F.3d at 638.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 14, is DENIED, and defendant's motion for summary judgment, ECF 16, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge